■ In the Matter of the COMMISSIONER OF WELFARE OF THE CITY OF NEW YORK, Appellant, v. FRANK JARA, Respondent.— Order, entered September 18, 1964, dismissing paternity petition in the Family Court unanimously

reversed, on the law, on the facts, and in the exercise of discretion, and a new hearing directed, without costs or disbursements to either party. On the record made and in the light of the trial court's comments on the credibility of the two principal witnesses a satisfactory review by this court is not possible. In directing a new hearing it is not suggested that the determination reached by the trial court was incorrect but rather that a more satisfactory record and more detailed findings based upon such a record would be desirable. In that connection, it is observed that there were two additional possible witnesses whose testimony was not obtained. One was the other young woman who was present, allegedly, during some part of the evening when there occurred the single act of intercourse upon which the petition rests. The other is the young man who was similarly present during some part of the evening and then allegedly returned to the premises. The trial court upon a rehearing should feel completely free to reach a determination *de novo*. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.